*424 OPINION of the Court, by
Ch. J. Boyle.
This was an action nf assumpsit. Two counts are laid in the , * ,11-. declaration : the first charges the defendant as assignor of a bom], but alleges no consideration upon w}ylch the assignment was made ; the second is a general count for money had and received. Upon non-as-sumpsit the plaintiff had a verdict and judgment, to ¾⅜⅞-⅛ the defendant has prosecuted this writ of error. ‘
,. , , , . r I he first question made by the assignment of error, grows out ol the bill of exception taken to the opinion 0£ ^ court overruling the motion of the defendant . . ? , r . , to instruct the jury to disregard the first count m the declaration. If the count were faulty or defective the lnotjon wa3 a correct one and ought to have been sus-tamed. I he count vve think was substantially detective in not alleging a consideration upon which the assignment was made. The act of assembly making bonds and notes assignable, which were not so at corn-¡non law, has provided no remedy for the assignee aSainst assignor, nor has it placed those instruments upon the footing of bills of exchange. The responsi* *425 biiitv of the assignor depends therefore neither upon the provisions of the statute nor upon the custom of merchants, bat upon the principles of the common law. This doctrine is abundantly established by the repeated decisions of this court — See Drake vs. Johnson, Hard. Rep. 218, Smallwood vs. Woods, vol. 1, 546, Nolin vs. Woods, Sprat vs. M'Kinney, vol. 1, 596, Thompson vs. Caldwell, ante 290, and Lyon vs. Coleman, at the present term.
A jury may *nftr one ⅜. ⅛ inferred muft b.e ®ne whii& the'/ ira 5 greater num ber oí cafes attends the fa& from which-it ia inferred»
The cauri will judicially take notice of the general courfe of tranf-adbions and or- , dealingi'among men,
From the fa£t 'ijfignment Úxq. jury are not au-thorlfed to infer that a consideration in money was paid for the aifigment rather than la
tfon ⅛ property paitthe ^isn~ for the affign-merit, will not fuPP°rt » eene-ral indebitatus affumpfit byaiij fignee ag*jnfta&
Upon the principles of the common law, an action by the assignee against his assignor, must be founded either upon an express or an implied promise that the assignor will be responsible far the goodness of the debt and the solvency of the obligor.
in most cases of assignment, there is no express mise made ; but where there is such a promise, if made without consideration, no action can be maintained it. Whatever mav be the rule of ethics with respect the moral obligation of a promise that is merely voluntary, nothing can be more clear than that its performance cannot be legally enforced. There is no doctrine better settled than that an action cannot be supported upon a naked promise without consideration, for it is established rule of the common law that ex nudo pacto non oritur actio. This rule does not apply to mercantile instruments, because they are governed bylaws founded upon the custom of merchants ; nor does it extend to deeds or instruments under seal, since from the so-lemnitv of the instrument, the law implies a consideration. In actions founded upon these instruments therefore it is not necessary to allege or prove a consideration ; but in an action upon any other contract, a consideration must be alleged and proven in order to support the action. If this doctrine be correct when applied to express contracts or promises, it requires no argument to shew the propriety of its application to those that are implied by law. If indeed an action cannot be supported upon an express contract or promise made without consideration, the law cannot without the most palpable inconsistency with itself imply a promise where there is no consideration. We are , r - . . , , , . therefore of opinion that the court erred m not sustaining the motion to instruct the jury to disregard the first count of the declaration.

The second question in this case arises upon a bill of exception taken to the refusal of the court to instruct th*- jur\ rs in ras. of a nonsuit. In deciding upon th" i'-sti-.r, v.ernuoi nut oft of the consideration the fir" co int of A ■ <'> c' iratk-r, ns we have adjudged that that < i on.t ought t-> b..-e he ti disregarded by the jury. The <*• i h ' ci b.rtd m lb, A'i of t "< option consists of a re~or'* m ⅛,, or<>. . dices in a suit by the plaintiff as ass.an. - oi th>- d • n "a v, n ho r'M assignee of James Ú'íocru ‘h-c ..'dc' a tl oh'ii , ay'u -n one Rout, the obli-gor. From then re ul t rpn-v.f that on a plea of pat in ■*•<- io J u-i s Tup- m, !{o it, 'he defendant in the suit, obMii'i ci a vuxi • t mb :ndt>UHnt. This may be evidt nee that Jamo5 *i"ir.c..r. icctived the money due o 'on dir D oil, t st i , •/> t riil- i’*" ‘hat it was received hr tbs J.f.'.i ’ mt -*, •’ 1= lotion, jod therefore can-rot c''iY '■ t'Mt or roont v hrd and received. If dpi cue -i -.‘bn h- - t" - o'-pit to the plaintiff wire p rl h- if-.--, y the -s- fondant, proof of it '-r;1 * i a- e i v.Y. <1 ‘ i.r tc s ; • _• jy of so much as ,r -s r.i >n f ) or ‘hr r, u ■ • ! r woney had and re-cen ed. ! !' ■ ¡ -i\, , h;h, m-,,!"- presume from the a-v n ir in,, i* ¡i- í u w r or' ! I ,r a valuable con-n'd- -’'i' ; , e. J ] *1 ’ps thy tc- presume that the cor, "d ror. , t.:11 ipfp'- amount due upon th.- I mi , b o i ru.stion lure occurs, whether they fO'ild ne nv‘v a iphiix- thn it was money, and not r.i o.v.-rtv, dart v „s paid!',; tii '.Agnment. If they could not. the a-.-by, “> v,onid; be no evidence in sup-por) ofd¡. f<e;o. for mru hud or. 1 received ,: for that will In on' ' for inpnc-i, at d n it for property. A presumption is th- inicíense it" out fact from another fact that is admitted or proven, and can only arise where the fact to be inhered necessarily or usually accompanies the one from which the inference is to be made, or as the writers upon the civil law would define it,presump-tio ex eo quod plerumque fit, In the ordinary course of transactions of this sort, it is more usual to give property than money for the assignment, and therefore the presumption, where there is no express proof of the *arf, is that property and not money was given. We take notice of what is the ordinary course of business. ®f this sort, because we apprehend that it is the dutyiof courts judicially to know what is the general costrsf-hf *427 As transactions of human life. , Without such a presumed knowledge, the jury indeed could not without express proof presume that the assignment was made for value, nor would it be possible that one fact in any case could be infered from another, and the doctrine of presumption would he at an cad. 'fhe court therefore erred in not sustaining the motion for a nonsuit.
The other points m die *. ause need not be noticed, since the sainobject w'ti< It they have in view, will be attained by the decision t i the questions we have already considered.
The judgment must be reversed with costs and die cause remanded for new procedings to he had notiucon* sistent with the foregoing opinion.